Jack Stanislaw, J.
In this proceeding brought for review of the real estate tax assessment of petitioners’ property, the petitioners move to vacate a demand for a bill of particulars served upon them by respondent Board of Assessors. In addition to opposing the motion the board cross-moves for an order directing service of the particulars demanded.
A proceeding under article 7 of the Real Property Tax Law is a special proceeding, and as such amenable to the provisions of the CPLR unless otherwise indicated. Although article 7 does not limit the application of the CPLR, 408 thereof does require leave of court for disclosure in special proceedings.
Petitioners’ motion is initially improper, but the court may proceed to the basic issue here because of the cross motion which does conform to the procedural requirement.
Generally, in actions such as this a bill of particulars may be required (Matter of Rakov v. Gingold, 23 Misc 2d 725). Specifically though, it has been held that a demand cannot go to the extent of obtaining particularization of petitioners’ theory of valuation (Matter of Limerick v. Fitzgerald, 29 Misc 2d 185), nor be proper at all upon a claim of disproportionate valuation (as opposed to a claim of disproportionate assessment) (Matter of 614 So. Broadway Corp. v. Lennox, 216 N. Y. S. 2d 527). The petitioners here seem to be claiming just such a disproportionate valuation as had been held to exclude disclosure altogether (Matter of 614 So. Broadway Corp. v. Lennox, supra). However, a more recent determination by the Appellate Division, Second Department (Rijek Realty v. Crist, 16 A D 2d 964), dismissing a petition by reason of admissions made in a bill *36 of particulars, impliedly recognizes the efficacy of disclosure in proceedings of this nature. Furthermore, the language of the CPLB is, as noted, explicit in permitting disclosure except as otherwise (statutorily) proscribed. The Real Property Tax Law contains no such procedural limitation in tax certiorari proceedings. Ergo, disclosure is permissible upon a plain reading of the applicable statutes.
The motion for a bill of particulars is granted to the extent requested, the bill to be served within 20 days after service of a copy of the order to be entered herein.