Clare J. Hoyt, J.
Petitioner seeks a judicial review of the 1967 assessments of its real property situate in the Town of Poughkeepsie, claiming its property is overvalued and unequally assessed. Respondents served a 17-item demand for a bill of particulars on petitioner and petitioner moves to vacate the demand. On the return of the motion respondents withdrew 8 items of the demand and petitioner made no objection to 4, so petitioner’s attack is confined to the remaining 5 items.
A general attack is made on all the remaining items of the demand. Petitioner contends that, since this is a special proceeding under article 7 of the Real Property Tax Law, particulars may be required only by order and not by demand. Reliance is placed on CPLR 408 that limits “disclosure” in a special proceeding to that authorized by order. Particularization of a claim is not disclosure as that word is employed in CPLR 408 and article 31 of the CPLR. Disclosure is designed to produce evidentiary matter, while a bill of particulars is a pleading that amplifies and explains the claim but does not contain the evidence that will be adduced to support the claim. (See 6 Carmody-Wait 2d, New York Practice, § 36.24, pp. 208-210.) Thus the procedure employed by respondents to demand the particulars of petitioner’s claim is proper. Anything to the contrary in Matter of Allen v. Board of Assessors (45 Misc 2d 35) is not followed. Yet the very distinction that supports the procedure employed by respondents to demand the particulars of petitioner’s claim compels the modification of items 2, 3, 4, 8 and 11 of the demand. They all seek eviden *608 tiary matter in part — matter that would, be the proper subject of disclosure but not a demand for particulars.
The demands in question seek particulars respecting petitioner’s interest in and the improvements on the property in question. Petitioner has averred an ownership interest in the premises and the premises have been identified by reference to the description of the property found in the assessment roll. The description is a rather general one, that is, the usual type of sketchy description found in an assessment roll. Since petitioner has the burden of proving that it has an ownership interest in certain assessed property and of establishing the identity of that property it is perfectly proper to require petitioner to state with fair precision a description of the lands and improvements it claims an ownership interest in as of May 1,1967 — the taxable status date. (Cf. Van Dusen v. State of New York, 28 A. D 2d 211, 212.) More than that will not be required in a bill of particulars.
Petitioner’s motion is granted to the extent of modifying the demand in accordance with the foregoing.