■ In the Matter of the TRUSTEES OF THE SAILORS' SNUG HARBOR IN THE CITY OF NEW YORK, Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— In consolidated proceedings to review assessments of real property for taxation, petitioner appeals from an order of the Supreme Court, made in Kings County, dated October 22, 1968 and entered in Richmond County, which denied its motion for summary judgment on the second cause of action in each petition. Order reversed, on the law, with $10 costs and disbursements, and motion granted. It is well established that when article 7 of the Real Property Tax Law is silent upon a question of procedure, pertinent and nonconflicting provisions of the CPLR control (see *People ex rel. American Sugar Refining Co.* v. *Sexton*, 274 N. Y. 304, 307; see, also, CPLR 101, 103, subd. [b]). We find nothing in article 7 which precludes, or is inconsistent with, the application of the summary judgment procedure of the CPLR to tax review proceedings. Certainly, section 720 of the Real Property Tax Law, which empowers the court in certain limited circumstances to grant judgment on the pleadings, is inapposite insofar as the availability of summary judgment is concerned. Furthermore, the fact that we are dealing with a special proceeding, summary in nature, is no bar, as article 4 of the CPLR specifically authorizes summary determinations in special proceedings (CPLR 409, subd. [b]) and it would seem that anything which will afford even speedier justice is not opposed to the philosophy of the tax review proceeding. Thus, where, as here, the pertinent facts have been admitted and the only remaining question is one of law, the parties may avail themselves of the summary judgment procedure set forth in the CPLR. We believe that petitioner's motion for summary judgment on the second cause of action in each petition should have been granted on the merits. The assessments at issue are illegal for failure to describe and specifically identify on the assessment rolls that portion of " Block 76, Lot 1 " against which taxes have been assessed. While respondent argues that the area subject to tax is merely the vacant land, the remaining portion of petitioner's property being admittedly tax exempt, it has made no attempt to delineate said portion. It is not enough that separate valuations for the exempt and taxable portions have been set forth pursuant to subdivision 5 of section 502 of the Real Property Tax Law, as the basic requirement of that section is that the assessment roll contain " a description sufficient to identify " the property sought to be taxed (subd. 2). Indeed, minor errors and omissions aside, respondent may levy, collect and enforce the payment of taxes only " if the parcel can be identified and located with reasonable certainty " (Real Property Tax Law, § 504, subd. 4; see, also, *Zink* v. *McManus*, 121 N. Y. 259, 265). Obviously, partially exempt real property creates special problems; but to ignore the requirement of an adequate description of the particular land sought to be taxed would open the statute to attack on constitutional grounds (see *Lawton* v. *City of New Rochelle*, 114 App. Div. 883, 884). Respondent, in effect, admits that the taxable portion of petitioner's land cannot be identified by an examination of the assessment rolls and, hence, upon a failure to pay taxes, the resulting lien would attach to the entire lot. While it is true that the State may limit, modify or even abolish an exemption completely, the respondent Tax Commission cannot, by means of an assessment which inseparably intermingles taxable and exempt property, subject to a lien for real estate taxes that portion of the property which the State has declared, and respondent con-

cedes, to be exempt. Therefore, the assessments for the tax years in question are null and void. Christ, Acting P. J., Brennan, Rabin and Kleinfeld, JJ., concur; Hopkins, J., dissents and votes to affirm, with the following memorandum: I agree that the remedy of summary judgment may be used in proceedings to review tax assessments where no factual dispute exists and a question of law is then the sole issue. I do not agree that this appeal presents a case for the award of summary judgment in favor of petitioner. Petitioner's property consists of about 80 acres, improved with several buildings, assessed as one tax parcel. The assessment rolls clearly show on their face the improvements and assessments referable to the part of the land considered exempt from taxation, and the remaining land considered taxable (assessed at $605,000 for the tax years 1960–1961 through 1962–1963; and at $931,000 for the tax years 1963–1964 through 1967–1968). The manner of so assessing the parcel is authorized by the statute: " If a parcel of real property is partially exempt, it shall be entered with the taxable property, with the amount of the exemption shown in a separate column " (Real Property Tax Law, § 502, subd. 5). The statute does not direct that the tax parcel, identifiable on the tax map, be either subdivided into exempt and taxable sections, or that the assessment roll describe the exempt and taxable areas with greater particularity. Yet, as I understand petitioner's argument, the failure to follow either procedure renders the entire assessment void. At least at this stage of the proceeding, the action of respondent is presumed to be correct (cf. *People ex rel. Lyford* v. *Allen*, 286 App. Div. 621, 627). On this record it cannot be said that respondent has assessed petitioner's property without a rational basis, for the assessment rolls indicate the total assessment of the parcel, both as to land and improvements, the assessment of the exempt property, both as to land and improvements, and the assessment of the taxable property, which is shown to constitute land only. At the trial the true issue will be whether the judgment of the assessors in (1) determining the amount of the land to be exempt and (2) evaluating the land and improvements according to proper standards was correct. As the taxing authorities have been permitted to obtain information from petitioners in tax review proceedings (*Matter of Western Print. Co.* v. *McCandlish*, 55 Misc 2d 607; *Matter of Allen* v. *Board of Assessors of Town of East Hampton* 45 Misc 2d 35; cf. *Rijek Realty* v. *Christ*, 16 A D 2d 964), I see no reason why petitioner in this proceeding cannot obtain from respondent prior to trial information which will describe the amount and location of the property within the tax parcel which is considered to be taxable. If it then appears upon the hearing of testimony (Real Property Tax Law, § 720) that the judgment of respondent was based on such imprecise delineation of the taxable land that the exempt land cannot be separated from it, the entire assessment would be rendered void (see Ann. 118 A.L.R. 861; cf. *Parker* v. *Quinn*, 23 Utah 332). If, however, the two types of property within the parcel are ascertainable, the assessments should stand (*People ex rel. Catholic Union* v. *Sayles*, 32 App. Div. 203, affd. 157 N. Y. 679): In short, the assessments were placed on the roll according to the statute; whether they are justified must await a trial.