■ NOVAK'S TROPICAL AVIARY, INC., Appellant, v FREDERICK BROWN, as

Building and Plumbing Inspector of the Village of New Hyde Park, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* (1) to review determinations of the respondent Board of Trustees of the Village of New Hyde Park and of the village's Building and Plumbing Inspector, denying petitioner's application for a permit to install certain plumbing facilities in premises leased by it on the ground that the proposed use of the premises is not permitted within the village and (2) to compel the Building and Plumbing Inspector to issue the permit, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered October 11, 1977, which dismissed the petition. Judgments reversed and determinations annulled, on the law, without costs or disbursements, and respondents are directed to issue the plumbing permit applied for by petitioner. The petitioner-appellant, which is engaged in the business of buying and selling pet birds such as canaries, finches, mynah birds and parrots, leased certain premises in an area zoned for industrial use by the Village of New Hyde Park. Its intention was to use the premises as a wholesale and retail pet bird aviary and as a pet bird import facility. For the latter use the petitioner required the approval of the United States Department of Agriculture. Prior to petitioner's leasing of the premises involved, a representative of that department inspected the proposed site and saw no reason why it could not be approved for the construction of an import bird facility, provided drains were installed in the floor and other changes were made. Petitioner applied for a plumbing permit to enable it to make the changes required to insure compliance with the plumbing and sanitary requirements necessary for approval by the United States Department of Agriculture, which included the installation of a water closet, wash basin, washtub, slop-sink, washing machine, stall shower and floor drains. The permit was denied on the ground that the board of trustees of the village, after consideration of the pertinent ordinances, had determined that the proposed use of the petitioner's premises was not permitted within the village. The board based its determination on a finding that the proposed use would violate the village's Local Law No. 1 of 1974, article 6 of which, entitled "Fowl, Pets, Wild and Ferocious Animals Prohibited", provides, in part: "2. Keeping of live poultry, livestock, etc., prohibited; exception: (a) No live poultry, rabbits, reptiles, rodents, livestock, geese, monkeys, apes or other animal or fowl commonly known or regarded as wild or ferocious animal shall be bred, kept or maintained in the Village. (b) This Article shall not be construed to prohibit dogs, cats or rabbits as household pets or a retail pet shop located within a business or industrial district." Respondents, in their brief on this appeal, contend that the ban in article 6 (§ 2, par [a]) on wild or ferocious fowl is applicable and makes petitioner's proposed pet bird aviary and import facility illegal and justifies the refusal to grant petitioner the plumbing permit it sought to meet the requirements of the Department of Agriculture and that the ban is intended to insure against the danger that diseased birds found in such a facility might become a source of infection of humans and domestic birds. Although the section speaks only of "animal or fowl commonly known * * * as wild or ferocious", the respondents speak of "wild or dangerous fowl", of "potentially diseased tropical birds" and of "tropical birds which may be carrying infectious disease." Respondents contend that the ban of Local Law No. 1 of 1974 (art 6, § 2, par [a]) is clearly applicable to the petitioner's facility and that this interpretation is reasonable and may not therefore be overturned in an article 78 proceeding. We disagree. By no stretch of reason can the ban of paragraph (a) be read as extending to pet birds such as canaries, finches, mynah birds and parrots.

Neither can it be read as banning a bird import holding facility which petitioner, in its application for the plumbing permit, is seeking to erect so as to insure that any of the pet birds it will import will not become the source of infection by the diseases some birds transmit. Nothing in the ordinance can be read as banning the creation of such a facility in a business or industrial district. This conclusion is reinforced by the provision in article 6 (§ 2, par [b]), which excludes from the ban of paragraph (a) "a retail pet shop located within a business or industrial district." Hence, we hold that the respondents' interpretation of Local Law No. 1 of 1974 as banning the facility sought to be erected by the petitioner and requiring the denial of its application for a plumbing permit, is arbitrary and capricious. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.