■ TOWN OF ISLIP, Appellant, v EVELYN CLARK et al., Respondents. — In a proceeding to enjoin the respondents from harboring equine on their premises in Brentwood, New York, petitioner appeals from a judgment of the Supreme

Court, Suffolk County (Orgera, J.), dated September 14, 1981, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Special Term found that the "petition contains no factual support of the alleged causes of action." We agree that the petitioner has failed to submit evidence to support its right to injunctive relief. The documentary evidence before Special Term clearly supported respondent Evelyn Clark's contention that she had validly obtained permits from the Town of Islip to harbor the animals in question on her property and that she has made every effort to comply with the town's zoning regulations. Although the petitioner claims that the afore-mentioned permits were fraudulently obtained from the town, it has submitted no evidence whatsoever to sustain that claim. Accordingly, dismissal of the proceeding was warranted (see CPLR 409, subd [b]; see, also, *Matter of Trustees of Sailors' Snug Habor in City of N. Y. v Tax Comm. of City of N. Y.*, 32 AD2d 658). Special Term also concluded that the proceeding must be dismissed for the reason that the petition did not factually allege irreparable injury or that there was no adequate remedy at law. In addition, Special Term held that the town was precluded from maintaining the Supreme Court proceeding because of a pending criminal action in the Suffolk County District Court. We disagree with Special Term's conclusions with respect to those issues. Section 268 of the Town Law authorizes a town to institute any action or proceeding to enforce its zoning ordinances. Such a statutory provision requires no showing of special damage or injury to the public or the nonexistence of an adequate remedy at law as a condition to injunctive relief, commission of the prohibited acts being sufficient (*People ex rel. Bennett v Laman,* 277 NY 368, 382-383; see, generally, 28 NY Jur, Injunctions, § 4). We hold further that where both civil and criminal actions may be maintained, the choice of one is not an election barring the other (*Incorporated Vil. of Westbury v Samuels,* 46 Misc 2d 633, 635; see, also, *Town of Islip v Powell,* 78 Misc 2d 1007, 1013; 2 Anderson, New York Zoning Law and Practice [2d ed], § 24.01). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.