■ VILLAGE OF PELHAM MANOR, Appellant, v DIANE B. CREA, Respondent.—In an action to enjoin defendant from keeping pigeons on her property in an alleged violation of the applicable zoning ordinance, plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered August 1, 1984, which denied its application for a preliminary injunction.

Order reversed, with costs, and application granted.

Plaintiff's zoning ordinance prohibits the keeping of pigeons in residential districts. Prior to 1981, defendant applied for a variance to keep homing or racing pigeons on her property. The denial of her application was subsequently upheld in a CPLR article 78 proceeding. In 1983, defendant's father-in-law fell gravely ill and his homing pigeons were brought to defendant's residence. Defendant was prosecuted for violating the zoning ordinance and defended on the ground the ordinance was unconstitutional. She was found guilty in December 1983 and her conviction was thereafter affirmed by the Appellate Term. Leave to appeal to the Court of Appeals was denied (*People v Crea,* 64 NY2d 758) and an appeal to the United States Supreme Court was dismissed for want of a substantial Federal question (*Crea v New York,* — US —, 105 S Ct 2009). In our view, plaintiff village is entitled to a

preliminary injunction against defendant's harboring of homing pigeons in light of its successful prosecution of the defendant and previous determinations of our Court of Appeals upholding the validity of ordinances such as that at bar against similar challenges (*People v Miller,* 304 NY 105; *Barkmann v Town of Hempstead,* 294 NY 805).

We note that Village Law § 20-2006, like Town Law § 268, authorizes injunctive relief against violations of a zoning ordinance without proof of any injury to the public (*see, Town of Islip v Clark,* 90 AD2d 500). Therefore, plaintiff was not required to come forward with proof of irreparable injury. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.