■ DUMP THE DUMP, INC., Plaintiff, and BOARD OF EDUCA-TION, HAUPPAUGE UNION FREE SCHOOL DISTRICT, Respondent, v TOWN OF ISLIP, Appellant, et al., Defendant.—In consolidated actions seeking, *inter alia,* injunctive relief and damages for nuisance, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated September 16, 1985, which granted the motion of the plaintiff Board of Education, Hauppauge Union Free School District, for a preliminary injunction.

Order affirmed, with one bill of costs.

The record indicates that appellant is conducting a sand-mining operation on land adjoining the existing 72-acre Bly-denburgh landfill. The sand-mining operation, which contemplates the removal of 1.3 million cubic yards of sand, is defended by the Town of Islip as a necessary measure to cap the existing landfill and curb the nuisance that the latter has created. However, a review of the entire record indicates that (1) only 300,000 cubic yards of sand are necessary to cover the old landfill and (2) the town's sand-mining operation, at the present stage, effectively constitutes a "site preparation * * * of an expansion to an existing landfill * * * located in a deep flow recharge area" which may not be commenced without prior approval of the Commissioner of the Department of Environmental Conservation (ECL 27-0704 [3]). Since the purpose of that statute is to curb the "significant threat to the quality of * * * drinking water in the counties of Nassau and Suffolk" (L 1983, ch 299, § 1; *Matter of Town of Islip v Cuomo,* 64 NY2d 50) and the town is in violation of the statute by failing to obtain the Commissioner's approval prior to the commencement of site preparation activity, Special Term was correct in holding that the plaintiff school district had met its burden of demonstrating the need for a preliminary injunction *(cf. Town of Pound Ridge v Introne,* 81 AD2d 885). Should the Commissioner ultimately approve an expansion of the landfill, the town may move, if it be so advised, to vacate the preliminary injunction.

We have reviewed the town's remaining contentions and

find them to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.