■ STATE OF NEW YORK et al., Appellants, v BROOKHAVEN AGGREGATES, LTD., et al., Respondents.—In an action to enjoin the defendants from violating an interim decision and modi-

fied order of summary suspension of the right to operate a solid waste management facility (one paper) of the plaintiff Commissioner of the New York State Department of Environmental Conservation, dated January 22, 1985, which, *inter alia,* barred the defendants Brookhaven Aggregates, Ltd., and Theodore Hubbard from operating or receiving any waste at their facility in the absence of compliance with certain stated conditions, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 13, 1986, which denied their motion for a preliminary injunction. By order of this court, dated May 14, 1986, the matter was referred to the Honorable Charles Margett, a former Associate Justice of this court, as Special Referee to hear and report on the following issue: "In the event a preliminary injunction were to be granted to the plaintiffs, what sum should be fixed as the limit of their liability pursuant to CPLR 2512, in order to adequately secure the defendants against all damages and costs which they might sustain by reason of the preliminary injunction if it were finally determined in the action that the plaintiffs were not entitled to an injunction?" Special Referee Margett has filed his report indicating that in the course of the proceedings before him the attorney representing the defendants expressly waived, on their behalf, the fixing of a sum as a limit of the plaintiffs' liability pursuant to CPLR 2512.

Order reversed, with costs, motion granted, and pending the determination of the action the defendants, and their employees, agents, officers and directors are preliminarily enjoined from violating the interim decision and modified order, dated January 22, 1985, in question, and are further enjoined from filling, depositing, or accepting or permitting the deposition of any materials at the landfill owned and operated by the defendants Brookhaven aggregates, Ltd., and Theodore Hubbard, located on Whiskey Road in Coram, New York.

The plaintiffs sought a preliminary injunction prohibiting the defendants from violating an interim decision and modified order of the Commissioner of the Department of Environmental Conservation (hereinafter the DEC), dated January 22, 1985, which suspended the right of the defendants Brookhaven Aggregates, Ltd., and Theodore Hubbard to operate a solid waste landfill. The order of suspension imposed several conditions as a prerequisite to the reopening of the landfill. In addition, the order stated that the suspension "shall remain in effect until modified or rescinded by Order of the Commissioner of Environmental Conservation", and that it would be

vacated "by the commissioner on condition that [Brookhaven Aggregates, Ltd. and Hubbard] fully comply to the satisfaction of the Commissioner" with the conditions stated therein.

Special Term concluded that the plaintiffs' application for a preliminary injunction must be denied because they had not shown that irreparable injury would occur in the absence of a grant of relief. We disagree with the conclusion that the plaintiffs had to make such a showing. We note that ECL 71-0301 authorizes the DEC to seek injunctive relief against any person or party who violates an order promulgated by the Commissioner. It has been held that "[s]uch a statutory provision requires no showing of special damage or injury to the public * * * as a condition to injunctive relief, commission of the prohibited acts being sufficient" (Town of Islip v Clark, 90 AD2d 500, 501; see also, People ex rel. Bennett v Laman, 277 NY 368, 382-383; Village of Pelham Manor v Crea, 112 AD2d 415, 416). Here, the plaintiffs allege, and the defendants do not deny, that the prohibited acts, to wit, dumping at the landfill, have occurred subsequent to the Commissioner's order. Brookhaven Aggregates, Ltd., and Hubbard merely contend that they have complied with the conditions imposed by that order and have nevertheless been precluded from reopening their facility. It is undisputed that the Commissioner has not approved the claimed compliance with those conditions and has not vacated the order of suspension. In view of the foregoing, the plaintiffs' motion for a preliminary injunction should have been granted. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.