■ ROBERT F. LONGFIELD, as Zoning Inspector and Enforcement Officer of the Town of New Paltz, County of Ulster, Appellant, v HULDA RONK, Also Known as HULDA ROSENFELDT, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered August 23, 1985 in Ulster County, which denied plaintiff's motion for a preliminary injunction.

Defendant installed a one-family mobile home on her property in the Town of New Paltz, Ulster County, which she uses as her residence. Plaintiff, the Zoning Inspector for the town, brought this action for a permanent injunction to enjoin defendant from the continued maintenance, erection, use and occupancy of a mobile home on her property and to compel defendant to remove such structure. Plaintiff sought the injunction on the grounds that defendant failed to first obtain a building permit in alleged violation of town Zoning Law § VII (B) and that the "introduction, installation and maintenance of such structure upon said parcel is in violation of Section III, subd A and of Section V, subdivision G, of the Zoning Law of the Town of Lloyd *[sic]*". Special Term denied plaintiff's motion for a preliminary injunction and dissolved a temporary restraining order issued pending the determination of the motion. This appeal by plaintiff followed.

Special Term's order should be affirmed. Defendant has shown that a triable issue of fact exists. She asserts that the town has not, in fact, created a mobile home district as it contends. In effect, defendant charges that the district allegedly created is a sham and is designed to keep all mobile homes out of the town. Defendant contends that such exclusion renders the zoning regulations pertaining to mobile homes unconstitutional *(see, Town of Pompey v Parker,* 53 AD2d 125, 129, *affd* 44 NY2d 805; *cf. Dowsey v Village of Kensington,* 257 NY 221, 229-231).

The issuance of a preliminary injunction pendente lite is discretionary with the court (28 NY Jur, Injunctions, § 33, at 346 [1963]). As a general rule, a court will not issue a prelimi-

nary injunction restraining a defendant from doing an act when the right to do that act is in controversy, since the issuance would obtain for the plaintiff the very right which he seeks to obtain on final judgment *(see,* 28 NY Jur, Injunctions, § 19, at 326 [1963]). It is a drastic remedy and "is not to be granted unless a clear right thereto is established by the moving papers * * * The plaintiff's rights must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiff" *(Town of Southeast v Gonnella,* 26 AD2d 550 [citations omitted]). Accordingly, it is clear that Special Term correctly denied plaintiff's motion for a preliminary injunction.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.