■ STATE OF NEW YORK, Respondent, v MERION BLUE GRASS SOD FARM et al., Appellants.—In an action pursuant to ECL 71-2727 to revoke the defendant Merion Blue Grass Sod Farm's solid waste management permit and, *inter alia,* to enjoin the defendants from continuing to accept solid waste, the defendants appeal (1) from an order of the Supreme Court, Orange County (Buell, J.), dated May 29, 1985, which granted the plaintiff's motion for a preliminary injunction, and (2) from an order of the same court, dated September 12, 1985, which denied the defendants' motion, *inter alia,* to vacate the preliminary injunction.

Orders affirmed, with one bill of costs.

The plaintiff alleges and the defendants concede that one of the surface lagoons in which the defendants store sewage sludge has developed a leak in its barrier, allowing seepage of the sludge material, into a ditch outside the lagoon. This leak constitutes a clear violation of the Department of Environmental Conservation Regulations concerning solid waste management facilities *(see,* 6 NYCRR 360.8 [b] [5] [i], [ii]. Because the plaintiff has shown a violation by the defendants of a public health and safety regulation which the Attorney-General has statutory authority to enforce *(see,* ECL 71-2703 [1]; 71-2727 [2]), the plaintiff has met its threshold showing in order to preliminarily enjoin the defendants from committing further violations of the regulations under 6 NYCRR 360.1 *et seq. (see, People ex rel. Bennett v Laman,* 277 NY 368, 383; *State of New York v Brookhaven Aggregates,* 121 AD2d 440;

*Dump the Dump v Town of Islip,* 116 AD2d 552). Thus, Special Term did not abuse its discretion in issuing the preliminary injunction *(see, Weissman v Kubasek,* 112 AD2d 1086).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.