■ TOWN OF BLOOMING GROVE, Respondent, v BLOOMING FARMS JOINT VENTURE et al., Appellants.—In an action seeking to permanently enjoin the defendants from conducting "paint ball games" on a certain premises, the defendants appeal from an order of the Supreme Court, Orange County (Patsalos, J.), dated October 28, 1986, which granted the plaintiff's motion for a preliminary injunction and denied the defendants' cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The land upon which defendants plan to conduct their "paint ball games", an activity in which the players attempt to capture the flag of an opposing team and shoot paint balls at one another through the use of airguns while doing so, is concededly zoned for residential dwellings only. The defendants never applied for the proper permits and one day prior to their grand opening the town commenced the instant action against them and was granted a temporary restraining order. A preliminary injunction was subsequently granted on October 28, 1986, pending determination of the action. Prior to the granting of the preliminary injunction, the defendants had filed an appeal with the Zoning Board of Appeals of the Town of Blooming Grove, from an alleged denial of their application for the proper permits.

Initially, we disagree with the defendants' position that the commencement of this action was null and void because it was not authorized by resolution of the Town Board as is required pursuant to Town Law § 268 (2). Under the circumstances of the case it was necessary for the town to move as quickly as possible in seeking the injunctive relief as the grand opening was to take place within a week and the potential for injury was great. Therefore, the town made the best efforts it could and substantially complied with the law when the Town Board members authorized the commencement of an action over the telephone and a formal resolution was adopted ratifying the decision to commence suit four days later at the monthly Town Board meeting.

The defendants further adopt the posture that the preliminary injunction could not be granted since the appeal to the Zoning Board of Appeals of the Town of Blooming Grove acted as a stay of all further proceedings pursuant to Town Law § 267 (4). The proposed use of the premises by the defendants was one which had not been conducted on the premises before and was nonconforming to its zoned use. Thus, the preliminary injunction was properly granted even though a stay was in effect since it insured that the status quo would be maintained. In addition, under Town Law § 268, the plaintiff was not required to come forward with proof of irreparable injury (see, *Village of Pelham Manor v Crea,* 112 AD2d 415, 416; *Town of Islip v Clark,* 90 AD2d 500).

Finally, we refuse to disturb the undertaking set by the court pursuant to CPLR 2512. The record is devoid of any indication of how much loss the defendants would suffer, and their bare allegations that they will suffer severe economic hardship is not a sufficient basis for this court to disturb the determination of the Supreme Court. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.