■ In the Matter of INCORPORATED VILLAGE OF LINDENHURST, Respondent, v RETSEL ENTERPRISES, INC., Appellant.—

The defendant owns three parcels of land in the Village of Lindenhurst. The defendant conducts a lumberyard and home improvement business on one of these parcels. The instant appeal concerns the other two lots which are used in conjunction with the business to store lumber and other materials. One of these parcels is located to the south of Montauk Highway in a district zoned for residential use while the other is located to the north of the highway in a district zoned for business use. The outdoor storage of lumber is not permitted in either of these zoning districts (see, Lindenhurst Code §§ 85-9, 85-18, 85-28, 85-36).

On or about May 13, 1987, the plaintiff commenced the instant action seeking to enjoin the use of the subject parcels for the storage of lumber, wood products and other combusti-

ble materials in contravention of the zoning ordinance. At about the same time the plaintiff moved by order to show cause for a preliminary injunction. The plaintiff alleged that (1) the illegal storage of such combustible materials presented an imminent danger to the adjoining residential neighborhood, and (2) the loading and unloading of materials on Hickory Street was hazardous to pedestrians and vehicular traffic utilizing that road. The Supreme Court, Suffolk County, granted the plaintiff a preliminary injunction.

It is well established that in order to obtain a preliminary injunction, a party must show (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in its favor *(see, Kurzban & Son v Board of Educ.,* 129 AD2d 756; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172, *lv denied* 67 NY2d 606).

A preliminary injunction was properly granted with respect to the parcel located to the south of Montauk Highway. However, we find that the plaintiff did not meet its burden of establishing its right to a preliminary injunction against the storage of lumber on the parcel located to the north of Montauk Highway *(see, Longfield v Ronk,* 122 AD2d 409; *McLaughlin, Piven, Vogel v Nolan & Co., supra; Town of Southeast v Gonnella,* 26 AD2d 550, *lv dismissed* 18 NY2d 579).

The defendant adduced sufficient evidence to show that the storage of lumber on the parcel to the north of the highway constituted a preexisting nonconforming use, and the petitioner failed to establish that the storage of lumber on that parcel created an imminent danger to the health and safety of the occupants of the surrounding parcels. It is axiomatic that "a zoning ordinance cannot prohibit an existing use to which the property has been devoted at the time of the enactment of the ordinance" *(Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 284). As such the defendant has rebutted the plaintiff's prima facie showing of the likelihood of success on the merits. This conclusion is not negated by the plaintiff's claim that the preexisting use was abandoned during a 26-year period when the property was leased to unrelated parties. The fact that the subject parcel was leased to others is irrelevant *(see, FGL & L Prop. Corp. v City of Rye,* 66 NY2d 111, 116; *Matter of Biener v Incorporated Vil. of Thomaston,* 85 AD2d 730, 732, *appeal dismissed* 59 NY2d 750). In addition, since the defendant disputed this claim of abandonment by submitting evidence that the lessees of the property continued

to store some lumber on the property, this presents an issue of fact as to whether the storage of lumber was ever discontinued for a sufficient length of time as to indicate an intent to abandon the nonconforming use *(see, Matter of Marzella v Munroe,* 69 NY2d 967; *Town of Islip v P.B.S. Marina,* 133 AD2d 81, *lv denied* 70 NY2d 611). Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.