■ TOWN OF SOUTHAMPTON, Respondent, v MICHAEL SENDLEWSKI, Doing Business as WE GOT IT AUTO PARTS, et al., Appellants.—In an action, *inter alia,* to permanently enjoin the defendants from conducting a junkyard business on the southern portion of their premises, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 31, 1988, which granted the plaintiff's motion for a preliminary injunction, and denied their cross motion, *inter alia,* to stay a criminal prosecution against them in the Town of Southampton Justice Court.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof which granted the plaintiff's motion for a preliminary injunction and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

Although Town Law § 268 which authorizes a town to institute any action or proceeding to enforce its zoning ordinances requires no showing of injury to the public or the nonexistence of an adequate remedy at law as a condition to injunctive relief *(see, Town of Smithtown v Schleider,* 156 AD2d 668 [decided herewith]; *Town of Esopus v Fausto Simoes & Assocs.,* 145 AD2d 840; *Town of Blooming Grove v Blooming Farms Joint Venture,* 128 AD2d 772; *Village of Pelham Manor v Crea,* 112 AD2d 415; *Town of Islip v Clark,* 90 AD2d 500), the question of whether immediate relief of this nature should be extended is a matter governed by equitable principles *(see, Town of Smithtown v Schleider, supra; Town of Esopus v Fausto Simoes & Assocs., supra).* Thus, in order to obtain preliminary injunctive relief against a violation of its zoning ordinances, a town must demonstrate that it has a likelihood of ultimate success on the merits, and that the equities are balanced in its favor *(see, Town of Smithtown v Schleider, supra; Town of Esopus v Fausto Simoes & Assocs., supra; Matter of Incorporated Vil. of Lindenhurst v Retsel Enters.,* 140 AD2d 521; *Town of Southeast v Gonnella,* 26 AD2d 550).

As our review of the instant record discloses that the plaintiff has failed to establish that the southern portion of the subject premises was not in use as a junkyard in 1957 when its zoning ordinance became effective, or that the preexisting nonconforming use of the southern portion of the premises as a junkyard has been abandoned, we conclude that the plaintiff has failed to establish a likelihood of success on the merits *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 284; *Town of Islip v P.B.S. Marina,* 133 AD2d 81; *Maloy, Inc. v Town Bd.,* 92 AD2d 1056; *Matter of Incorporated Vil. of Lindenhurst v Retsel Enters.,* 140 AD2d 521, *supra).* Accordingly, the plaintiff is not entitled to a preliminary injunctive relief.

Nevertheless, we reject the defendants' further contention that they are entitled to a stay of the zoning violation proceedings which have been instituted against them in the Town of Southampton Justice Court. It is well established that criminal sanctions as well as injunctive relief are available to prevent a continuing violation of a town's zoning ordinances, and that the choice of one is not an election barring the other *(see,* Town Law § 263; *Town of Solon v Clark,* 97 AD2d 602; *Town of Islip v Clark,* 90 AD2d 500, *supra).*

We have examined the defendants' remaining contention, and find that it is without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.