■ In the Matter of Town of Sullivan, Respondent, v Charles D. Strauss, Jr., et al., Appellants.—Weiss, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered September 11, 1989 in Madison County, which granted petitioner's application pursuant to Town Law § 268 (2) to enjoin respondents from operating a commercial hunting enterprise, and (2) from the judgment entered thereon.

Respondents Dean A. Hubbs and Carol G. Hubbs are the record owners of land in the Town of Sullivan, Madison County, known as Turtle Creek Farm. The petition alleges that respondent Charles D. Strauss, Jr. was a tenant of the premises. The Hubbses aver that they have sold the land to Strauss' wife, not a party to this proceeding, who contends that she owns the land and operates Turtle Creek Farm.

The record shows that Turtle Creek Farm operates a business which imports and raises a sundry of animals and birds that are loosed onto tracts on the game ranch. The animals are then hunted down by individuals who pay for the opportunity to shoot and take them. These animals include Russian boar, elk, deer, antelope, barbarossa, Texas Dall sheep and other exotic animals generally considered wild and undomesticated. Available birds include pheasants, wild turkeys, grouse, ducks, geese and African game. Petitioner commenced this proceeding pursuant to Town Law § 268 (2) to enjoin respondents' operation of a commercial hunting enterprise and business within an agricultural district. Petitioner contends that commercial field shooting of untamed animals is not a permitted use in the zoned agricultural district encompassing the subject premises. Supreme Court granted the petition and enjoined respondents from operating the commercial hunting enterprise. This appeal ensued.*

Preliminarily, we reject Strauss' arguments that he was entitled to a trial because violation of a zoning ordinance is a misdemeanor *(see, Town of Islip v Clark,* 90 AD2d 500, 501; *Matter of Di Pasquale v Haskins,* 25 AD2d 490, 491), or that an injunction was improper in the absence of a showing of irreparable harm and lack of an adequate remedy at law *(see, Town of Blooming Grove v Blooming Farms Joint Venture,* 128 AD2d 772, 773; *Town of Islip v Clark, supra,* at 773). We similarly reject as unsupported Strauss' allegations of illegal selective enforcement of the zoning ordinance *(see, Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693).

---

* While the notice of appeal was filed on behalf of all respondents, only Strauss has filed a brief in this court.

Although Strauss contends that the wrong parties have been named in the proceeding, the record clearly established that the Hubbses were the record owners of the property and that Strauss acted as manager of the activities alleged to be illegal, making them both proper parties. While Strauss' wife may be the vendee under a land contract and owner of the business, and thus could have been joined as a party, she was not a necessary party in order to effect relief pursuant to Town Law § 268 (2).

Strauss' main contention is that the field shooting of undomesticated sport animals is merely one method of harvesting or slaughtering farm animals for their meat and is an incidental agricultural use of the property compatible with the zoning ordinance. We disagree. We reject Strauss' argument that the activities on Turtle Creek Farm constitute breeding animals for consumption and are purely an agricultural use of the type contemplated in the agriculturally zoned area. Although raising livestock for consumption is a permitted agricultural activity, the record demonstrates that respondents are raising animals which, by their very nature, entice hunters to come to Turtle Creek Farm and pay to hunt "exotic" animals. The proof shows that the enterprise is essentially a commercial venture which provides animals to be hunted and shot as a sport rather than merely for the production of meat as an agricultural product.

While zoning ordinances are strictly construed against a zoning authority *(Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 293, *lv denied* 70 NY2d 614), that rule is subject to limitation. If "it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation * * * may be delegated" to those who administer the ordinances *(Matter of Frishman v Schmidt,* 61 NY2d 823, 825). The specific application of a term in the ordinance which requires interpretation with reference to a particular piece of property will be upheld unless such interpretation is unreasonable or irrational *(supra; see, Appelbaum v Deutsch,* 66 NY2d 975). We find no error in the conclusion reached by both petitioner and Supreme Court that the commercial field hunting portion of respondents' activities was not a permitted agricultural use under the zoning ordinance. Many of the animals bred or imported by respondents are not generally raised on farms for consumption as meat nor are they considered to be farm animals. Strauss' wife is licensed as a breeder and dealer in animals other than those traditionally described

as "farm" animals. Finally, respondents' advertising brochure makes it abundantly clear that customers are attracted by the thrill of hunting, i.e., "your hair stands on end, your heart pounds, then you are in for the time of your life". This hardly bespeaks of harvesting domestic farm animals for their meat.

We find no merit to Strauss' remaining contentions.

Order and judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.