■ TOWN OF SMITHTOWN, Appellant, v HENRY B. CARLSON et al., Respondents. [614 NYS2d 18] —In an action to permanently enjoin the defendants from operating a sand mine on their property located at 140 Old Northport Road, Kings Park, the Town of Smithtown appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 8, 1993, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

In order to obtain preliminary injunctive relief against a violation of its zoning ordinances, a town must demonstrate that it has a likelihood of ultimate success on the merits, and that the equities are balanced in its favor *(see, Town of Southampton v Sendlewski,* 156 AD2d 669; *Town of Islip v Clark,* 90 AD2d 500). The question of whether immediate relief of this nature should be extended is a matter governed by equitable principles *(see, Town of Southampton v Sendlewski, supra).* Moreover, " 'the remedy of granting a preliminary injunction is a drastic one which should be used sparingly' " and which will not be granted absent a showing that there is a clear right to such relief on the undisputed facts presented *(see, Schneider Leasing Plus v Stallone,* 172 AD2d 739, 740, quoting *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172).

Here, there are questions of fact regarding the defendants' use of the property and the plaintiff has failed to establish a clear right to a preliminary injunction *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278; *Town of Southampton v Sendlewski, supra).*

We have reviewed the plaintiff's remaining contentions and

find them to be without merit. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.