(July 25, 1994)

■ INGRID AIN et al., Appellants, v DONNA GLAZER, Respondent. [615 NYS2d 67] —In an action, *inter alia*, to permanently enjoin the defendant's use of certain real property as a three-family residence, the plaintiffs appeal from an order of the Supreme Court, Queens County (Milano, J.), dated November 24, 1992, which, *inter alia*, denied the plaintiffs' motion for a preliminary injunction and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the appeal by the plaintiffs Anthony Scotto, Elaine Scotto, Robin Meshanek, Paul Meshanek, and Paul Shulman is withdrawn on stipulation; and it is further,

Ordered that the order is modified by deleting the provision thereof which granted the defendant's cross motion for summary judgment and substituting therefor a provision denying the cross motion for summary judgment; as so modified, the order is affirmed, without costs or disbursements.

The defendant's cross motion for summary judgment should not have been granted. New York City Zoning Resolution § 52-61 provides: "If, for a continuous period of two years, either the non-conforming use of land with minor improvements is discontinued, or the active operation of substantially all the *non-conforming uses* in any *building or other structure* is discontinued, such land or *building or other structure* shall thereafter be used for only a conforming *use*" (emphasis added).

Here, a triable issue of fact exists as to whether the defen-

dant discontinued the active operation of substantially all the non-conforming uses of the subject premises as a three-family dwelling for the statutory period. Although she submitted an affidavit stating that she had always used the premises as a three-family dwelling, and that it contains three separate apartments, with three separate entrances, three separate kitchens, and three separate bath facilities, the plaintiffs submitted several affidavits stating that the subject premises had not been used as a three-family residence for quite some time, and was rented seasonally as a one-family house, indicating that the defendant had abandoned the nonconforming use of the premises (see, Matter of Pica v Bennett, 164 AD2d 859, 862).

The plaintiffs however, are not entitled to a preliminary injunction. Since the use of the premises as a three-family dwelling constituted a nonconforming use unless abandoned, the allegations contained in the defendant's affidavit stating that the nonconforming use had not been abandoned were sufficient to rebut the plaintiffs' prima facie showing of the likelihood of success on the merits (see, Matter of Incorporated Vil. of Lindenhurst v Retsel Enters., 140 AD2d 521, 522). Mangano, P. J., Bracken, Joy and Hart, JJ., concur.