■ STATE OF NEW YORK et al., Appellants, v ALEXANDER P. Izzo et al., Respondents. [628 NYS2d 391] —In an action to enforce Environmental Conservation Law article 23 and to enjoin the defendants from continuing to violate ECL 23-2703, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 21, 1994, as denied their motion for a preliminary injunction restraining the defendants from unlawfully mining sand and gravel from a lot they own in the Town of Smithtown, Suffolk County.

Ordered that the order is reversed insofar as appealed from, with costs, and the plaintiffs' motion for a preliminary injunction is granted.

Pursuant to a statutory grant of authority (see, ECL 71-1311 [1]), the plaintiffs moved for a preliminary injunction restraining the defendants from mining sand and gravel from a 7.2

acre parcel that they own in the Town of Smithtown, Suffolk County. In support of their motion, the plaintiffs asserted that the defendants had violated and continue to violate ECL 23-2711 and 6 NYCRR 421.1, by removing more than 1,000 tons of sand and gravel from the parcel within 12 consecutive months without a mining permit. The Supreme Court denied the plaintiffs' motion, reasoning that (1) the likelihood of success at trial was cast in doubt by virtue of the pendency of the defendants' challenge to the validity of a Smithtown zoning ordinance and (2) the equitable balance was in favor of the defendants' continued operation of the mine. We disagree with the Supreme Court.

ECL 71-1311 authorizes the Department of Environmental Conservation (hereinafter the DEC) to seek injunctive relief whenever it appears that someone is violating or threatening to violate the provisions of Environmental Conservation Law article 23. In this case, the DEC has established that the defendants' mining operation violates ECL 23-2711, which was promulgated in furtherance of the Legislature's stated intention, *inter alia,* to prevent pollution and to protect the health, safety, and general welfare of the people *(see,* ECL 23-2703 [1]). Thus, the DEC has made a sufficient showing of its entitlement to injunctive relief to enjoin the defendants from continuing their statutory violation *(see, State of New York v Brookhaven Aggregates,* 121 AD2d 440; *see also, State of New York v Merion Blue Grass Sod Farm,* 122 AD2d 789).

The record evinces that the plaintiffs inspected the parcel on November 26, 1991, and issued violations of the aforementioned statute and regulation. The plaintiffs inspected the parcel again on April 5, 1993. The plaintiffs' Mined Land Reclamation Specialist, Robert Galli, estimated that the defendants had removed at least 30,000 cubic yards, or 40,000 tons, of sand and gravel from the parcel between November 26, 1991, and April 5, 1993. The defendants, who do not have a mining permit and who have mined the parcel since 1985, admitted to removing at least 5,000 cubic yards, or 6,666 tons, of sand and gravel from the parcel every year since 1985. The defendants did not apply for a mining permit until May 3, 1993, 18 months after the plaintiffs had issued the aforementioned violations that resulted in this enforcement action. Pursuant to 6 NYCRR 621.3 (f), the DEC suspended processing of the defendants' application for a mining permit until the final resolution of this enforcement action.

Finally, contrary to the Supreme Court's conclusion, the pendency of the defendants' challenge to a Smithtown zoning

ordinance is irrelevant to the issues presented in this enforcement action. Ritter, J. P., Hart, Friedmann and Florio, JJ., concur.