■ In the Matter of LAWRENCE WALLACH, Appellant, v HENRY W. ROSE, as Chairman of the Board of Zoning Appeals of the Town of Hempstead, et al., Respondents. [631 NYS2d 62] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead, dated January 8, 1992, which denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered November 18, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Building Zone Ordinance of the Town of Hempstead prohibits the use of any premises "for the harboring of any dangerous or obnoxious animal which is wild in its natural

habitat" (Town of Hempstead Building Zone Ordinance § 302 [C]). The petitioner sought a use variance so that he could harbor a cougar on the grounds of his residence. His application was denied by the respondent Board of Zoning Appeals of the Town of Hempstead. We agree with the Supreme Court that the denial was supported by substantial evidence and was neither arbitrary nor capricious. As the Supreme Court observed, the extraordinary security measures that the petitioner has taken for the harboring of the cougar belie his assertion that the animal in question is not dangerous *(see, Matter of Town of Sullivan v Strauss,* 171 AD2d 980; *cf., Novak's Tropical Aviary v Brown,* 62 AD2d 984). Under such circumstances, the proceeding seeking to annul the respondents' determination was properly dismissed *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *Matter of Fuhst v Foley,* 45 NY2d 441, 444). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.