■ DIGESTIVE LIVER DISEASE, P.C., Respondent, v SUNIL PATEL, Respondent. [793 NYS2d 773]—

In an action to enforce a restrictive covenant contained in an employment agreement, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated September 26, 2003, denying its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

A preliminary injunction will not be granted unless the moving party first establishes (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent a preliminary injunction, and (3) a balancing of the equities favors the movant (*see* CPLR 6301; *W.T. Grant Co. v Srogi*, 52 NY2d 496 [1981]). Where the facts are sharply disputed, those elements cannot be established and the motion for a preliminary injunction will be denied (*see Morley Distribs. v Merinberg*, 216 AD2d 544 [1995]; *Price Paper & Twine Co. v Miller*, 182 AD2d 748 [1992]; *Family Affair Haircutters v Detling*, 110 AD2d 745, 747 [1985]).

Here, the facts surrounding the termination of the defendant's employment from the plaintiff corporation are sharply disputed. As a result, the court could not determine that a balancing of the equities favors the plaintiff. Thus, the preliminary injunction was properly denied. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.