## Ramirez v Issa

2024 NY Slip Op 31058(U)

March 28, 2024

Supreme Court, Kings County

Docket Number: Index No. 521206/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
---------------------------------------------x
CESAR RAMIREZ and ADRIANA RODRIGUEZ,
individually and as stockholders
of MANHATTAN FARE CORP., and in the
right of MANHATTAN FARE CORP.,

                              Plaintiff,          Decision and order

       - against -                       Index No. 521206/2023

MONEER ISSA, MANHATTAN FARE
CORP., and 431 FOOD MARKET CORP.,

                              Defendants,         March 28, 2024
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN             Motion Seq. #15 & #18


The defendants have moved seeking to enjoin the plaintiff

from utilizing the company's customer list and intellectual

property and to order the plaintiff to return such intellectual

property to the defendant. The plaintiff opposes the motion.

Papers were submitted by the parties and arguments held. After

reviewing all the arguments this court now makes the following

determination.

As recorded in prior orders the defendant Manhattan Fare

Corp., operated a restaurant called Chef's Table at Brooklyn

Fare, which is located at 431 West 37th street, in New York

County. The plaintiff, Cesar Ramirez, was employed as an

executive chef by the defendants since 2009 and as of 2022

received twenty-five of all profits representing a twenty-five

percent ownership interest in Manhattan Fare Corp. The

plaintiffs instituted this lawsuit alleging that Ramirez was

fired without any justification. The defendants answered and

[*1]

asserted affirmative defenses and counterclaims that the plaintiff Ramirez and his wife, plaintiff Adriana Rodriguez engaged in theft and fraud and sought to harm Manhattan Fare. The defendants now seek to enjoin the plaintiff from utilizing the customer list and the Instagram social media account of Chef's Table. The defendants fear the plaintiff will utilize the information contained in the customer list and social media account to unfairly compete with the defendants. The plaintiff opposes the motion arguing there is no basis for such an injunction and that in any event any injunction would curtail the plaintiff's free speech rights.

## Conclusions of Law

In relevant part, CPLR §6301 allows the court to issue a preliminary injunction "in any action...where the plaintiff has demanded and would be entitled to a judgment restraining defendant from the commission or the continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff" (id).

It is well established that "the party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of the injunction and a balance of the equities in its favor" (Nobu Next Door, LLC v. Fine Arts Housing, Inc., 4 NY3d 839, 800 NYS2d 48

2

[2005], see also, Alexandru v. Pappas, 68 AD3d 690, 890 NYS2d 593 [2d Dept., 2009]). The Second Department has noted that "the remedy of granting a preliminary injunction is a drastic one which should be used sparingly" (Town of Smithtown v. Carlson, 204 AD2d 537, 614 NYS2d 18 [2d Dept., 1994]). Thus, the Second Department has been clear that the party seeking the drastic remedy of a preliminary injunction has the burden of proving each of the above noted elements "by clear and convincing evidence" (Liotta v. Mattone, 71 AD3d 741, 900 NYS2d 62 [2d Dept., 2010]).

Thus, a preliminary injunction is proper where evidence has been presented that an individual is misappropriating trade secrets to harm or disadvantage the protector of the secrets (L.F. O'Connell Associates Inc., v. Mcgetrick, 30 Misc3d 1238(A), 961 NYS2d 359 [Supreme Court Suffolk County 2012]). To establish the plaintiff in this case has misappropriated trade secrets the defendants must present evidence that the plaintiff is in possession of trade secrets and that it utilized such trade secrets in breach of a duty of loyalty or as a result of discovery by improper means (see, Integrated Cash Management Services Inc., v. Digital Transactions Inc., 920 F2d 171 [2d Cir. 1990]). In Parchem Trading Ltd., v. Depersia, 2020 WL 764211 [S.D.N.Y. 2020] the court noted that "'a customer list that contains such information as the identities and preferences of client contacts' may be a 'protectable trade secret" (id). The

3

court explained that "a trade secret may exist in a combination of characteristics and components, each of which, by itself is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage" (id). Therefore, customer lists will qualify as trade secrets where the list is within the exclusive knowledge of the company and cannot be "readily ascertained" by others in the industry without "extraordinary efforts" (Poller v. BioScrip Inc., 974 F.Supp2d 204 [S.D.N.Y. 2013]). However, contact information of customers that is "little more than a compilation of publicly available information" are not trade secrets (Art & Cook Inc., v. Haber, 416 F.Supp3d 191 [E.D.N.Y. 2017]). Moreover, information that could easily be recalled by the plaintiffs, if any, in their dealings with the same customers is not a trade secret. As the court observed in Catalogue Service of Westchester Inc., v. Henry, 107 AD2d 783, 484 NYS2d 615 [2d Dept., 1985]), "remembered information as to specific needs and business habits of particular customers is not confidential" (id). Cases that have held customer lists are trade secrets where it would be difficult to acquire that information from other sources since they contain customer preferences, refers to such information that cannot simply be asked of the customer (North Atlantic Instruments Inc., v. Haber, 188 F3d 38 [2d. Cir 1999]). In instances where the customer preferences are part of "a long, difficult process to

4

[* 4]

INDEX NO. 521206/2023
RECEIVED NYSCEF: 03/28/2024

educate and convert a prospective customer to the benefits of the process" being offered then such preferences, like the customer list itself may afford trade secret protection (see, Webcraft Technologies Inc., v. McCaw, 674 F.Supp. 1039 [S.D.N.Y. 1987]).

The defendants argue the customer information is proprietary and thus constitutes trade secrets for two reasons. First, the customer list is private and only a handful of employees had access to it. Second, the customer list did not merely contain a list of customers but included far more exclusive information. Thus, the customer information includes "notes and observations made by Company personnel about each customer's preferences and idiosyncrasies or special requirements" and can only be "reproduced through years of meticulous effort as was invested by the Company and Issa over many years" (Memorandum of Law in Support, Page 15 [NYSCEF Doc. No. 287]). Indeed, Mr. Issa provided an affidavit wherein he stated that at his "direction, Manhattan Fare employees compiled a confidential proprietary list of Chef's Table customers. This list is a computer file that includes customer contact information, financial information, and individualized notes about each customer's preferences and idiosyncrasies, all of which information was updated from time to time and modified based on changes in customer base and the customers' tastes and preferences" (see, Affidavit of Moneer Issa, ¶5 [NYSCEF Doc. No.

5

[*5]

285]).

Although the plaintiff's counsel questions the existence of such a list there is no evidence presented by the plaintiffs themselves disputing its existence. Moreover, while solicitation of customers by a former employee is not barred absent a non-solicitation clause (Abraham Zion Corp., v. Lebow, 593 F.Supp. 551 [S.D.N.Y. 1984]), a former employee, or anyone for that matter, may not solicit utilizing a trade secret (North Atlantic Instruments, Inc., v. Haber, 188 F3d 88 [2d Cir. 1999]). Considering all the evidence presented, the customer list in this case clearly qualifies as a trade secret. Thus, the defendants have satisfied the first prong demonstrating a likelihood of success on the merits regarding the proprietary nature of the customer list.

Further, it is well settled that the loss of trade secrets cannot be measured in money damages because once a trade secret is lost it is lost "forever" (FMC Corp. v. Taiwan Tainan Giant Industrial Co., Ltd., 730 F2d 61 [2d Cir. 1984]). Lastly, the balance of equities favors the defendants. Although the plaintiffs have not yet actively competed with the defendants, if and when they do so, they may not utilize the customer list of the defendant restaurant. Consequently, the motion seeking an injunction prohibiting the plaintiffs from utilizing the customer list is granted.

6

[* 6]

Concerning the Instagram account of the restaurant, Mr. Issa states that he created the account under the name Chef's Table and that over time the operation of the account as well as the passwords were given to plaintiff Adriana Rodriguez (see, Affidavit of Moneer Issa, ¶8,11 [NYSCEF Doc. No. 285]). Counsel for the plaintiff's asserts that "the Instagram account has always belonged to the Plaintiff Adriana Rodriguez" (see, Memorandum in Opposition, page 3 [NYSCEF Doc. No. 293]). Further, plaintiff's counsel argues that "the Instagram account to which the Defendants refer was created, owned and operated at all relevant times by the Plaintiff Adriana Rodriguez. The Plaintiff Rodriguez created the account by herself and on her own time. She registered the account with her personal cell phone number and has always maintained exclusive access to her individual Instagram account in 2020 from its inception to date. She was the sole individual posting on the Instagram account, and the only person with access to the account was and is Plaintiff Rodriguez. All the pictures on the Instagram account were taken by Plaintiffs and depict food that was prepared solely by her husband Cesar Ramirez. The Plaintiff Rodriguez is the sole owner of this Instagram account" (id., at page 6). While there is no affidavit from Ms. Rodriguez in this regard, the information submitted including the opening of the Instagram account surely raises questions of fact whether the account belongs to Chef's

7

[*7]

Table or Mr. Rodriguez. Thus, while it is true that a preliminary injunction may be granted where some facts are in dispute and it is still apparent the moving party has a likelihood of success on the merits, (see, Borenstein v. Rochel Properties, 176 AD2d 171, 574 NYS2d 192 [1st Dept., 1991]) some evidence of likelihood of success must be presented. Therefore, when "key facts" are in dispute and the moving party cannot satisfy the necessary elements then an injunction must be denied (Digestive Liver Disease P.C. v. Patel, 18 AD3d 423, 793 NYS2d 773 [2d Dept., 2005]).

The ownership of the Instagram account is decidedly disputed. Thus, there can be no injunctive relief concerning the account until the factual issues of ownership are resolved. Therefore, the motion seeking any injunctive relief regarding the Instagram account is denied.

So ordered.

ENTER:

_____
Hon. Leon Ruchelsman
JSC

DATED: March 28, 2024
       Brooklyn N.Y.

8