EDITH MULLIGAN et al., Plaintiffs, *v.* JERSEY TRUCK RENTERS, Defendant.

City Court of the City of New York, Special Term, Kings County, November 16, 1949.

*Harold B. Epp* for defendant appearing specially.

*J. Alex Marlois* for plaintiffs.

SCHWARTZWALD, J. Defendant moves to set aside the service of the summons herein which was served upon the defendant, pursuant to section 52 of the Vehicle and Traffic Law.

The complaint alleges that the defendant, its agents, servants and/or employees conducted themselves so carelessly and negligently that a large sheet of cardboard, which they were unloading " was caused to and did strike the plaintiff ", who was passing by at the time. The question before the court is whether an " accident " of this nature comes within the purview of section 52 of the Vehicle and Traffic Law. Section 52 of the Vehicle and Traffic Law is in derogation of the common law and should be strictly construed.

In the case of *Sylvester* v. *Weimar Storage Co.* (N. Y. L. J., Nov. 1, 1947, p. 1137, col. 7), Judge McGEEHAN, citing *Finn* v. *Schreiber* (35 F. Supp. 638) held that a service of summons, pursuant to section 52 of the Vehicle and Traffic Law, is permissible only where accident arises from operation of the motor vehicle within the State, and therefore is improper where alleged injury arose solely from negligent unloading wholly unrelated to the operation of the vehicle.

In the opinion of the court, the alleged occurrence did not arise or grow out of any accident or collision as a result of the operation of defendant's motor vehicle.

Accordingly, the motion is granted.