HARRY BROWN, Plaintiff, *v.* HERTZ DRIVURSELF STATIONS, INCORPORATED, EASTERN STATES, Defendant.

Supreme Court, Special Term, Kings County, September 23, 1952.

*John W. Trapp* for defendant appearing specially.

*Herman Nash* for plaintiff.

HART, J. Defendant, a nonresident corporation, moves to vacate the constructive service of process on it purportedly effected pursuant to the provisions of section 52 of the Vehicle and Traffic Law. This statute provides that " the operation in this state of a motor vehicle  *  *  *  owned by a nonresident *  *  *  with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision  *  *  *  in which such motor vehicle  *  *  *  may be involved while being operated in this state ".

The motion is predicated on defendant's contention that since it appears from the complaint that defendant's vehicle was not " being operated " at the time of the accident, the statute has no application.

The complaint in substance states that plaintiff rented a truck from defendant in Philadelphia for the purpose of permitting plaintiff to transport furniture to New York City; that the said vehicle was in an unsafe condition and that defendant negligently permitted a metal ledge on the rear part thereof to be raised so as to constitute a trap and that while plaintiff was " driving and operating the said motor vehicle truck and making a furniture delivery at or near 42 East 11th Street  *  *  * because of the defective and dangerous and unsafe condition *  *  *  plaintiff was violently precipitated off the truck " as a result of which he sustained personal injuries.

Upon the hearing of this motion plaintiff's counsel submitted an affidavit in which he states that plaintiff did not park for the purpose of making a delivery but to shift the " cargo preparatory to picking up a number of pieces of furniture."

Under either statement of facts the court concludes that defendant's vehicle at the time of the accident was not " being operated " within the meaning of section 52.

Statutes such as section 52 in derogation of the common law are to be strictly construed (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 301) and " The language of the statute must be read in the light of what it was intended to accomplish " (*Matter of Guardian Life Ins. Co.* v. *Chapman*, 302 N. Y. 226, 235).

As quoted in McKinney's Consolidated Laws of New York (Book 1, Statutes [1942 ed.], § 95) from Kent's Commentaries (Vol. 1, p. 462) the intent with which statutes were enacted "is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the objects and the remedy in view."

In enacting section 52 it was intended by the Legislature to restrict its application to those instances involving the *use* of the public highways. In fact the constitutionality of the statute is predicated on such use. "The State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served" (*Leighton* v. *Roper*, 300 N. Y. 434, 441, citing cases).

The facts presented in the instant case indicate that the accident complained of has no relation to the use of the public highway. The case of *Hand* v. *Frazer* (139 Misc. 446, affd. 233 App. Div. 800) cited by plaintiff is not in point. There defendant's car was parked on the highway in a manner alleged to have been negligent so as to cause plaintiff's vehicle to come into collision with it. The court held that even though parked the vehicle under the circumstances was being operated within the meaning of the statute.

This court concludes that the interpretation placed on the statute by the court in *Mulligan* v. *Jersey Truck Renters* (196 Misc. 828) is correct and will follow it.

The motion is granted. Submit order.