**Louis DE LUCA, Plaintiff,**

v.

**CONSOLIDATED FREIGHT LINES and Eastern Motor Express, Inc., Defendants.**

**Civ. 15217.**

United States District Court
E. D. New York.

July 1, 1955.

Philip F. Di Costanzo, Brooklyn, N. Y., for plaintiff.

Zelby & Burstein, New York City, appearing specially solely for contesting service for defendants.

BYERS, District Judge.

This is a motion to vacate service of summons and complaint.

By complaint, filed Feb. 7, 1955, plaintiff, a resident of New York, instituted this action against Consolidated Freight Lines, an Oregon corporation, and Eastern Motor Express, Inc., an Indiana corporation, to recover the sum of $15,000 for personal injuries.

The complaint alleges that plaintiff was injured while he was engaged "in the process of loading or unloading the defendants' motor vehicle (truck) aforementioned, while the same was *backed up on Pier #39, Brooklyn, N. Y.*" (Italics supplied). Further, that the proximate cause of the injury was defendants' failure to provide plaintiff with a safe place to work.

Service on both defendants was made by the U. S. Marshal on March 14, 1955 by serving the summons and complaint on the Clerk of the Secretary of State pursuant to Section 52 of the Vehicle and Traffic Law of the State of New York, McK.Consol.Laws, c. 71.

Defendants argue:

(1) The procedural requirements of the statute were not complied with.

(2) The injuries did not arise out of the operation of a motor vehicle within the meaning of the statute.

864

The statute provides, in part, that the "operation by a nonresident of a motor vehicle * * * in this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision * * * in which such motor vehicle * * may be involved while being operated in this state * * *."

Defendants' affidavit is purely factual. Neither side filed briefs. The attorney for the plaintiff is willing to rely upon the papers as submitted.

The affidavit states that the motor vehicle involved here was a tractor with an attached trailer; that Eastern owned the tractor and Consolidated the trailer, and that plaintiff was injured as a result of putting his foot through a hole in the floor of the trailer.

The assertion that service was not made upon defendants by registered mail pursuant to the mandate of the statute is without merit because there is on file a certification by the Marshal that such service was made (by mail) on March 14, 1955.

However, it appears that service was improperly made, Brown v. Hertz, etc., 203 Misc. 728, 116 N.Y.S.2d 412; Mulligan v. Jersey Truck Renters, 196 Misc. 828, 95 N.Y.S.2d 232. See also Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557.

In Mulligan, cited supra, plaintiff was injured by a sheet of cardboard which was being unloaded from defendant's truck. It was held that the occurrence did not cause or grow out of an accident or collision as a result of the operation of defendant's motor vehicle.

In Brown, cited supra [203 Misc. 728, 116 N.Y.S.2d 414], plaintiff was injured when he fell off the rear of a truck while it was stopped either to make a delivery or to shift the cargo being carried. It was held that the statute did not apply, i. e.,—

"In enacting section 52 it was intended by the legislature to restrict its application to those instances involving the *use* of the public highways. In fact the constitutionality of the statute is predicated on such use."

Those decisions will be followed, and the motion granted. Settle order.