D'AQUILLA BROTHERS CONTRACTING CO., INC., Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. (Action No. 1.) HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent, v. LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants. (Action No. 2.)

510

In our opinion, in view of the terms of the respective policies, both insurers are liable, in proportion to the amounts of their respective policies, for the payment of the unpaid judgment for contribution against the excavation subcontractor. We find that such subcontractor was in control of the excavation site within the meaning of Hartford's policy. Hence, such subcontractor's act of loading the truck there was not excluded from the coverage of said policy. We also find that in the prior action by Marigliano, the excavation subcontractor was held liable for its failure to employ "trimmers" and to properly trim the load; and that such failure constituted its own negligence, and not the negligence of its crane operator. Therefore it is precluded from obtaining indemnity from him for its own negligence. On this appeal the defendant Liberty does not contest its obligation under its policy to cover the excavation subcontractor Frens as an additional insured. Since both insurers are responsible, appellants' suggestion that the liability upon the judgment for contribution against the excavation subcontractor be apportioned between the two insurers pursuant to the "other insurance" clauses in each policy, is taken by us as a concession of the partial defense of "other insurance." We pass upon no other questions. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur. [22 Misc 2d 733.]