Frank A. G-itlotta, J.
This is an action to recover damages for personal injuries sustained by plaintiff, Anna Stole, on July 7, 1959, when she tripped over a steel cable which lay on the sidewalk in front of the new Equitable Life Building under construction at Sixth Avenue and 51st Street, New York City.
The cable was one of several being used by employees of defendant, United States Steel Corporation, to unload a truckload of steel girders which had been driven to the site by an employee of the defendant, Bigley Bros., and parked alongside the curb so that it could be unloaded by use of a derrick mounted on the building, and used by United States Steel both for unloading purposes and erection of the steel framework of the building.
There is also a third-party claim-over by United States Steel Corporation against Balboa Insurance Company, which issued an automobile liability policy to Bigley containing an omnibus clause which undertook to insure anyone else “ while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.” In paragraph 25 (c) of Conditions, use of the automobile for the purposes stated is said to include loading and unloading thereof.
The proof shows that just prior to the accident the plaintiff was walking along in a stream of pedestrian traffic about four or five feet behind the person in front of her. When she saw the cable for the first time, her foot was poised in the air and she attempted to put it down in a safe place, but the cable was so situated and coiled so that she could not avoid stepping on it. As she did so the cable moved causing her to fall to the ground.
Thus this case is entirely dissimilar from Whalen v. Citizens’ Gas Light Co. (151 N. Y. 70), where the plaintiff tripped on a paving flagstone which had been temporarily removed and' placed on another flagstone to do some necessary work under the sidewalk pursuant to permit. There the hazard was in plain view for a considerable distance before plaintiff reached it, and no explanation was offered to negative the seeming contributory negligence on her part.
It is not pretended that this defendant had any permit to obstruct the public sidewalk with a cable or that this was necessary to the unloading operation.
The plaintiff, of course, had a perfect right to use the sidewalk and was under no duty to use another walk simply because there was construction going on adjacent to this one. While she *105 cannot blunder heedlessly into an obvious hazard, she has the right to assume the sidewalk to be safe and to proceed on that assumption until she becomes aware or should have become aware that it was not. (Weston v. City of Troy, 139 N. Y. 281.) That point never arrived in this case, until it was too late to do anything about it.
It follows that defendant, United States Steel, is liable for her injuries and it also follows that Balboa Insurance is liable to United States Steel on the claim-over, because this was part of the unloading operation. The practice was to unload a truck completely by picking up drafts or bundles of steel members and putting them in a staging area, from whence separate pieces were later put in place piece by piece. Hence there is no substance to the claim that the accident took place during a construction operation as distinct from an unloading operation.
In view of this disposition, and since Balboa Insurance insures defendant, Bigley Bros., as well, it perhaps makes no practical difference whether Bigley is held liable in negligence or is exonerated, but since it is a party-defendant, it becomes necessary to dispose of that issue also. If it is liable at all, it must necessarily be on the theory that the truck was being “used or operated” on a public highway with Bigley Bros.’ consent at the time of the accident within the meaning of section 59 of the Vehicle and Traffic Law, since it is conceded that its chauffeur took no part in the unloading.
It is settled that this statute covers more than the actual driving of a motor vehicle on a highway, and it was held in Eckert v. Farrington Co. (262 App. Div. 9, affd. 287 N. Y. 714) that it included changing a flat tire on a disabled car at the side of the road, two of the Judges resting their decision on section 59 alone and the other two on that ground, as well as on the ground of agency.
In an insurance case, Ward v. Metropolitan Distributors (47 N. Y. S. 2d 866, affd. 268 App. Div. 994) it was held that an insuring agreement which used the same verbiage as the statute, viz., “ used or operated” covered the unloading of a gasoline truck by means of a hose, although the truck was standing still and the motor dead at the time of the accident. It was pointed out that while the gasoline was going from the truck to the customer ’s tank, it was still in the process of being transported and therefore an explosion which took place during the unloading was the responsibility of the owner and bailor of the truck, as between it and the bailee. It does not appear whether the injured plaintiff attempted to make a direct recovery against the bailor.
*106 For these reasons, I am of the opinion that Bigley Bros, is liable in the main action, as well as the other defendant.
As a result of her accident plaintiff spent a week in the hospital in intermittent traction and still suffers from what appears to be a permanent injury to the spine in the lumbar area. Special damages amount to about $500.
Plaintiff, Anna Stole, is awarded judgment in the amount of $3,000 and plaintiff, John Stole, judgment in the amount of $1,000 in the loss of services action, against both defendants, and United States Steel is granted judgment in the sum of $4,000 on the claim-over against Balboa Insurance Company.