■ RICHARD ARANZULLO, an Infant, by His Guardian ad Litem, EDITH NAPOLI, Appellant, v. COLLINS PACKING COMPANY, Respondent.— Order entered August 24, 1961, granting defendant's motion to set aside service of summons and complaint herein, and order entered October 11, 1961, granting reargument but, after reconsideration, adhering to original decision granting said motion, unanimously reversed on the law, with one bill of costs, and motion denied, with $10 costs. The complaint alleges that, at the time of the accident, a tractor trailer owned by the defendant, a foreign corporation, and used for the delivery of goods in the City of New York, was being unloaded of the goods at a loading platform of plaintiff's employer in the city, and that the plaintiff, while engaged in unloading the truck, was caused to fall upon the floor of the truck by reason of the alleged negligent condition of the floor. These allegations establish the action as one embraced by the provisions of section 253 of the Vehicle and Traffic Law as amended by chapter 568 of Laws of 1958, providing for service of process on the Secretary of State, namely, an action "growing out of" an accident occurring in the "use or operation" in this State of a vehicle of a nonresident in his business or with his permission, express or implied. The Law Revision Commission had occasion to study the said section 253 (formerly § 52) as it read prior to the amendment by the Laws of 1958, and pointed out that serious questions had arisen "as to whether various acts done with or to the vehicle when it is not actually in motion, such as unloading or making repairs, will provide a basis for an action within the statute. * * * where the injuries were sustained while the vehicle was being unloaded, the courts have held that the action does not grow out of an accident involving operation of the vehicle." (1958 Report of N. Y. Law Rev. Comm., p. 648, citing *Mulligan* v. *New Jersey Truck Renters,* 196 Misc. 828; *Brown* v. *Hertz Drivurself Stations,* 203 Misc. 728; *De Luca* v. *Consolidated Frgt. Lines,* 132 F. Supp. 863.) So, the commission recommended the 1958 amendments, adding the words "use" or "using" wherever the words "operation" or "operating" appeared, with the intent "to extend the application of that section * * * to cases where the use of the vehicle in this state, during the course of which the accident occurs, is not technically an 'operation' of the vehicle under the narrow construction given to the term 'operate' by some decisions." (*Id.,* Note, p. 631.) Under the circumstances, it is clear that those particular decisions, cited above, which held the statute to be inapplicable to the use of a vehicle during unloading, were intended to be superseded by the proposed amendment to the statute. As further pointed out by the Law Revision Commission (pp. 641–647), citing and reviewing, among other decisions, *Hess* v. *Pawloski* (274 U. S. 352), *Shushereba* v. *Ames* (255 N. Y. 490), *Leighton* v. *Roper* (300 N. Y. 434), *Miner* v. *Bettendorf* (2 A D 2d 951), *Sipe* v. *Moyers* (353 Pa. 75), and *Paduchik* v. *Mikoff* (158 Ohio St. 533), the statute is constitutional in its application to actions such as the one here. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.