■ PATSY GUADAGNO, Respondent, v. H. S. TRUCKING et al., Appellants, et al., Defendant.— Judgment of the Supreme Court, Kings County, entered March 29, 1967, affirmed insofar as appealed from, with one bill of costs payable jointly by appellants. Defendant Burzo was an employee of defendant Smith Stewart Paper Products. On the morning of the accident, Burzo picked up the truck from the defendant, H. S. Trucking, which had leased the truck to defendant, Smith Stewart Paper Products. Burzo drove the truck to the loading platform of his employer, Smith Stewart Paper Products, where fellow employees of Burzo loaded the truck, without the aid of Burzo. He observed the cargo loading, believed that it was stowed properly, but he exercised no control over the loading. Burzo closed the rear doors of the truck and snapped the padlock on the closed doors. He then drove the truck from the Smith Stewart loading platform to the scene of the accident, where the plaintiff was injured when the door swung open and struck him. The Trial Judge properly charged the jury that they could exculpate Burzo from responsibility for any negligence in the stowage of the cargo on the truck, even though they could find that his fellow employees were guilty of negligence in improperly loading the cargo on the truck. No exception to the charge was taken by the plaintiff. The jury found a verdict in favor of the plaintiff in the sum of $7,500 against defendants H. S. Trucking and Smith Stewart Paper Products, and in favor of defendant Burzo. There was no inconsistency in the verdict. Under the doctrine of *respondeat superior*, defendant Smith Stewart Paper Products was held liable for the negligence of its employees, other than Burzo, in improperly loading the truck. The jury was free to find from all the proof that Burzo did not supervise the loading, and neither authorized nor was duty bound to approve it. Whether his operation of the truck after having observed the loading constituted negligence was a question of fact which has been determined by the verdict. Defendant, H. S. Truck-

ing, the lessor of the truck, was held liable because under the Vehicle and Traffic Law, negligence in use or operation of a vehicle which is attributable to the owner is not limited to driving but includes improper loading of the vehicle (Vehicle and Traffic Law, § 388; *Elfeld* v. *Burkham Auto Renting Co.*, 299 N. Y. 336, 346; *Stole* v. *United States Steel Corp.*, 34 Misc 2d 103). Accordingly, the verdict is not inconsistent. Hopkins, Benjamin and Munder, JJ., concur; Christ, Acting P. J., and Martuscello, J., dissent and vote to reverse the judgment and to set aside the verdict and to order a new trial, with the following memorandum: Plaintiff was standing on the left side of his vehicle cleaning his windshield when he was hit on the head by the open rear door of a passing truck driven by the defendant John Burzo. On the morning of the accident, the truck had been leased by appellant H. S. Trucking to Burzo's employer, the defendant Smith Stewart Paper Products. When Burzo picked up the truck from the lessor, he ascertained that the truck had two rear doors which were locked closed with a padlock. Shortly thereafter, Burzo drove the truck to his employer's plant, where he supervised its loading by his fellow employees. Although he did none of the loading himself, he testified that he saw to it that the cargo was properly stowed for safe travel. He then snapped the padlock on the closed doors. As he drove past plaintiff, he was traveling at 10 miles per hour, and upon stopping his truck he noticed that the rear doors were open and that the cargo had moved back, overlapping the tail of the truck, and the lock was gone. On these facts, the Trial Judge charged the jury that because there was no direct evidence of the cause of the opening .of the door, the principle of *res ipsa loquitur* applied. Burzo, the court charged, could be held liable if it were found that he had been negligent in supervising the loading or in failing to detect any defect in the lock or doors, and if he were found negligent, his fault would carry over to his employer under the doctrine of *respondeat superior*. If Burzo's negligence caused the accident, H. S. Trucking would be liable to Guadagno under section 388 of the Vehicle and Traffic Law. Finally, the court charged that if the jury found that Burzo had done all he reasonably could to insure the safety of the stowage, but that it nevertheless was improperly loaded and thereby caused the accident, then the jury could find in favor of Burzo while holding the other defendants liable. Both the lessor and the lessee excepted to the last part of the charge. The jury returned a verdict in favor of Guadagno of $7,500 against H. S. Trucking and Stewart, but in favor of Burzo. In our opinion, the jury verdict was inconsistent. Although unexplained, the accident could have resulted from either of two operations — the stowing of the cargo or the operation of the truck — with both of which Burzo was connected. Implicit in the verdict exonerating Burzo was a finding that he had not been negligent. His exoneration should inure to the benefit of his employer and the owner of the truck; otherwise, a finding that the latter defendants were negligent carries with it an implication that Burzo also was negligent. Accordingly, this inconsistency requires us to set aside the verdict and to order a new trial.