■ GENEVA ALBARRAN, as Administratrix of the Estate of JOSE M. ALBARRAN, Deceased, Respondent, v CITY OF NEW YORK, Respondent, and LEASE PLAN, INC., Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on July 20, 1976, denying appellant's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted in favor of defendant Lease Plan, Inc., dismissing the complaint as against it, and severing the action, without costs and without disbursements. The allegation against Lease Plan in the complaint is, essentially, that the accident was due to the negligence of a fellow employee of plaintiff's intestate in the handling of a handcart owned by decedent's employer which the fellow employee "in the furtherance of the business" of the employer was using to load a motor vehicle the employer had leased from Lease Plan. When an employee is injured or killed by the negligence or wrong of another in the same employ, the exclusive remedy available to the injured employee, or in the case of death, to his dependents is workmen's compensation (Workmen's Compensation Law, § 29, subd 6). From our perusal of the record it is clear that the accident was caused by the acts of the fellow employee in handling the handcart owned by decedent's employer. It further appears that at the time of the loading operation the motor vehicle leased from Lease Plan was stationary and its owner was not present. In this fact pattern, the liability of Lease Plan would be, at best, vicarious (Vehicle and Traffic Law, § 388). The Court of Appeals has held that where an employee is injured or killed by a fellow employee in the course of their employment, through the negligent use or operation of a motor vehicle owned by another person whose liability is derivative pursuant to section 388 (formerly § 59) of the Vehicle and Traffic Law, workmen's compensation is, nevertheless, the exclusive remedy available to the injured employee or in the case of death, to his dependents *(Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592). It is apparent from the record that Lease Plan's motor vehicle had no causal connection with the accident. Even were we to assume, however, that there was such a nexus, workmen's compensation is still the sole remedy available, just as if the fellow employee had been operating the vehicle *(Rauch v Jones, supra).* Plaintiff's assertion that the lease agreement between decedent's employer and Lease Plan could contain a clause of indemnification thereby pre-empting the bar contained in the Workmen's Compensation Law and enabling plaintiff to bring this action against Lease Plan is speculative. Where a moving party establishes a prima facie case for granting summary judgment, it is incumbent upon his adversary to produce evidentiary facts demonstrating a bona fide issue requiring a trial *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Appellant has not met this burden.

Our grant of Lease Plan's motion for summary judgment is, however, without prejudice to the city's right to commence a third-party action against Lease Plan. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.