■ ALFRED FRONTUTO, Plaintiff, v RAY BURGUN TRUCKING COMPANY, INC., Defendant. ALFRED FRONTUTO, Plaintiff, v RONALD BURGUN et al., Defendants. CLIFFORD NICKERSON, Third-Party Plaintiff-Respondent, v JAMES WHITE, Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff was injured while he was in the process of dismantling a light standard. The standard was attached to a concrete base and it was necessary to remove the base before it could be prepared for loading on third-party defendant's truck. As the base was being removed from the standard on private property, the standard fell, injuring plaintiff. Defendant Nickerson, who assisted in the removal of the base, served a third-party complaint upon third-party defendant White, who owned the truck that plaintiff drove to the premises and in which the standard was to be transported. Third-party defendant White

moved for summary judgment dismissing the third-party complaint. The court denied the motion. Defendant Nickerson argues that White, as the owner of the truck, was responsible under Vehicle and Traffic Law § 388 (1) for any negligence that occurred in the removal of the concrete base from the standard because such removal constituted the use and operation of a vehicle, which occurred during the "complete operation" of loading (see, *Albarran v City of New York*, 56 AD2d 822; *Guadagno v H. S. Trucking*, 29 AD2d 979; *Aranzullo v Collins Packing Co.*, 18 AD2d 1068, *affd* 14 NY2d 578; see also, *Elfeld v Burkham Auto Renting Co.*, 299 NY 336).

The operation and use of a vehicle within the meaning of Vehicle and Traffic Law § 388 (1) includes loading and unloading. Although loading and unloading has been interpreted to mean "not only the immediate transference of the goods to or from the vehicle, but the 'complete operation' of transporting the goods between the vehicle and the place from or to which they are being delivered" *(Wagman v American Fid. & Cas. Co.*, 304 NY 490, 494), we decline to hold that the "complete operation" doctrine extends to acts in preparation for loading, such as crating the goods for shipment, or, as here, dismantling the goods before transporting them to the vehicle.

Further, we agree with third-party defendant that the third-party cause of action cannot be sustained on the theory of respondeat superior or agency because there was no showing of employment or agency.

All concur, except Callahan, J. P., and Lawton, J., who dissent, in part, and vote to affirm in the following memorandum.

Callahan, J. P., and Lawton, J. (dissenting). We respectfully dissent. Special Term was correct in holding that it was a question of fact whether the accident occurred as "part of the over-all process of loading the vehicle" *(Wagman v American Fid. & Cas. Co.*, 304 NY 490, 495). It is for the finder of fact to determine whether separating the pole from the base was part of the preliminary loading operation (see, *Wagman v American Fid. & Cas. Co.*, supra, at 495-496, citing *Zurich Gen. Acc. & Liab. Ins. Co. v Eagle Indem. Co.*, 279 App Div 574, *lv denied* 303 NY 1016). Consequently, we would affirm. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.