Arthur ARGENTINA and Mary Argentina, Plaintiffs–Appellants,

v.

EMERY WORLD WIDE DELIVERY CORP., Defendant–Third–Party–Plaintiff–Appellee,

Best Consulting Corp., Defendant–Appellee,

P. Chimento, Inc., Third–Party Defendant–Appellee,

Ever Sharpe Delivery Service, Inc., Defendant.

No. 98–7183.

United States Court of Appeals, Second Circuit.

Nov. 18, 1998.

Present: Honorable JOHN M. WALKER, Jr., Circuit Judge, Honorable MUKASEY,* District Judge, Honorable RESTANI,** Judge.***

ORDER

This is an appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *District Judge*), dismissing the plaintiffs-appellants' claims on the basis that the vehicle owned by defendant-appellee Emery World Wide Delivery Corp. was not the proximate cause of the injury suffered by plaintiff-appellant Arthur Argentina. On consideration of the briefs, appendix, record, and the oral argument in this appeal, it is hereby ORDERED that the Clerk of this court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a complete copy of the briefs, appendix and record filed by the parties with this court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal.

* The Honorable Michael B. Mukasey, of the United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the Chief Judge of this Court certifying a judicial emergency, this case was heard by a panel consisting of one judge of this Circuit and two judges sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 1998

Filed November 18, 1998

No. 98–7183

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of November, one thousand, nine hundred and ninety-eight.

Present:

Honorable John M. Walker, Jr., *Circuit Judge*,

Honorable Michael B. Mukasey,* District Judge,

Honorable Jane A. Restani,** *Judge.****

ARTHUR ARGENTINA and MARY ARGENTINA, *Plaintiffs–Appellants,*

EMERY WORLD WIDE DELIVERY CORP., *Defendant–Third–Party–Plaintiff–Appellee,*

BEST CONSULTING CORP., *Defendant–Appellee,*

EVER SHARPE DELIVERY SERVICE, INC., *Defendant.*

ORDER

Certificate to the New York Court of Appeals pursuant to Second Circuit Local Rule § 0.27 and New York Court of Appeals Rule § 500.17.

On February 24, 1994, plaintiffs-appellants Arthur and Mary Argentina commenced suit in the United States District Court for the Eastern District of New York (Joanna Seybert, *District Judge*) against Emery World Wide Delivery Corp. ("Emery"), Ever Sharpe Delivery Service, Inc. ("Ever Sharpe"), and Best Consulting Corp. ("Best"). The plaintiffs alleged that the defendants' negligence in the ownership, use, control, and loading of a truck operated as part of Emery's business was responsible for injuries suffered by Arthur Argentina when, on March 12, 1991, he was struck by a steel plate while unloading cargo from the truck at Emery's terminal at JFK International Airport. The plaintiffs sought damages of at least $7,000,000.

Emery is in the business of the world-wide delivery of cargo. Ever Sharpe had a contract with Emery to load its trucks with the cargo of Emery customers and provide drivers for those trucks. Ever Sharpe loaded the truck that Argentina was unloading when he was injured. Ever Sharpe went out of business during the pendency of this action. Best is alleged to have been Ever Sharpe's alter-ego and to have carried insurance, while Ever Sharpe did not. Although the plaintiffs discontinued their claims against Ever Sharpe and Best, these parties remained in the case because Emery asserted cross-claims against them.

On February 8, 1995, Emery filed a third-party complaint against Arthur Argentina's employer, P. Chimento, Inc. P. Chimento also cross-claimed against Ever Sharpe and Best. After the completion of discovery, on March 19, 1997, Emery moved for summary judgment to dismiss the plaintiffs' claims, and P. Chimento moved for summary judgment to dismiss Emery's third-party complaint. The district court heard the two motions on January 16, 1998, and, ruling from the bench, granted both summary judgment motions. By order dated January 21, 1998, the district court dismissed the plaintiffs' claims with prejudice. This appeal ensued.

By the time of the hearing on the motions, the plaintiffs conceded that their sole basis for asserting liability against Emery was by operation of the vicarious liability authorized by Section 388(1) of New York's Vehicle and Traffic Law. That Section provides that

Every owner of a vehicle used or operated in this state shall be liable and responsible

---

* The Honorable Michael B. Mukasey, of the United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the Chief Judge of this Court certifying a judicial emergency, this case was heard by a panel consisting of one judge of this Circuit and two judges sitting by designation.

for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner. The plaintiffs' theory of the case was that Ever Sharpe had negligently loaded the steel plate onto Emery's truck, and that this negligence was the proximate cause of Argentina's injuries. The plaintiffs argued that Emery should be held vicariously liable for Ever Sharpe's negligence because Ever Sharpe was a permissive user of Emery's truck. Critical to this theory was the plaintiffs' contention that Ever Sharpe's loading constituted "use or operation" of Emery's vehicle.

In ruling on Emery's motion, the district court acknowledged that the New York Court of Appeals had never directly answered the question of whether loading and unloading constitutes use or operation of a vehicle for purposes of Section 388(1). Nevertheless, the district court assumed without deciding that loading and unloading constituted use or operation, but found that Emery still could not be held liable under Section 388(1). Relying on the New York Court of Appeals' reasoning in *Walton v. Lumbermens Mut. Cas. Co.*, 88 N.Y.2d 211, 215–16, 644 N.Y.S.2d 133, 666 N.E.2d 1046 (1996), a case concerning New York's no-fault insurance statute, Insurance Law Section 5103(a)(1), the district court held that, in order for the owner of a vehicle to be liable for injuries arising out of the use or operation of the vehicle, the vehicle itself must be the proximate cause of the injuries. Because the district court found that plaintiffs-appellants had "conceded" that the truck itself was not the proximate cause of Argentina's injuries while claiming that the proximate cause was the improper loading of the truck, it held as a matter of law that Emery was not liable.

On appeal, plaintiffs-appellants contend that the district court incorrectly incorporated the proximate cause rule from *Walton* into a case involving a different statute. Plaintiffs-appellants also contend that the district court unfairly relied on the plaintiffs' statement at the hearing that the truck was not the proximate cause of Argentina's injuries as a concession of the point, because both parties were litigating only the "use or operation" question and the plaintiffs did not know when they made the statement that the district court was considering applying the *Walton* test. Defendants-appellees contend on appeal that the district court improperly assumed that loading and unloading constitute use or operation of a vehicle within the meaning of Section 388(1).

## DISCUSSION

■ Both of the critical questions in this case, namely (1) whether loading and unloading constitute use or operation of a vehicle for purposes of Section 388(1); and (2) whether the vehicle must be the proximate cause of an injury before the vehicle's owner may be held vicariously liable under Section 388(1), remain open under New York law. Although the New York Court of Appeals has in at least one case "assumed without deciding" that loading and unloading constitute use or operation within the meaning of Section 388(1), it has never squarely so held. To the contrary, in the last case in which the Court of Appeals was confronted with the question, it explicitly declined to address it. *Frontuto v. Ray Burgun Trucking Co.*, 168 A.D.2d 914, 564 N.Y.S.2d 882 (4th Dep't 1990), concerned a plaintiff who was injured while preparing to move a light with a concrete base onto a truck. The Appellate Division, without citing any authority, held that "[t]he operation and use of a vehicle within the meaning of Vehicle and Traffic Law Section 388(1) includes loading and unloading," *id.* at 883, but found that the plaintiff's injury, which occurred in the course of "preparation for loading," was too remote to come within the statute. *Id.*

The Court of Appeals affirmed the Appellate Division's decision, *see Frontuto v. Ray Burgun Trucking Co.*, 78 N.Y.2d 938, 573 N.Y.S.2d 634, 578 N.E.2d 432 (N.Y.1991), but did not embrace its holding with respect to loading and unloading. The Court of Appeals stated that it was "[a]ssuming without deciding* that 'use or operation' of a vehicle for purposes of Vehicle and Traffic Law Section 388(1) encompasses loading and unloading." *Id.* at 939, 573 N.Y.S.2d 634, 578 N.E.2d 432 (emphasis added). Nevertheless, the Court found that the "plaintiff's indepen-

dent, preparatory and preliminary activity . . . does not, as a matter of law, constitute loading." *Id.*

Appellants argue in their brief that "[u]se of a motor vehicle has consistently been held by the Courts of the State of New York to include the operations of 'loading and/or unloading,'" but does not cite any controlling authority to that effect. As Emery correctly points out, all of the cases that appellants rely on are more than twenty years old;[1] several predate the promulgation of NYCRR Section 60–1.1, which sets forth the mandatory minimum provisions of any vehicle owner's liability insurance policy;[2] and several concern the interpretation of insurance policies as opposed to New York's Vehicle and Traffic or Insurance statutes.[3] Our own review of the pertinent caselaw leads us to the conclusion that there is no controlling New York authority directing on point.

■ Similarly, the New York Court of Appeals has not ruled directly on the issue of whether the vehicle must be the proximate cause of the injury before the owner may be held liable under Section 388(1). The district court, recognizing a gap in the law, analogized the situation to that presented in *Walton v. Lumbermens Mut. Cas. Co.,* 88 N.Y.2d 211, 644 N.Y.S.2d 133, 666 N.E.2d 1046 (N.Y. 1996). In *Walton,* the Court of Appeals held that benefits were not available under New York's no-fault insurance scheme, set forth at Insurance Law Section 5102(b), to an injured party where it was undisputed that the insured's vehicle was not the proximate cause of the injuries. *Walton,* 88 N.Y.2d at 215, 644 N.Y.S.2d 133, 666 N.E.2d 1046. Despite

the fact that the regulations governing no-fault insurance policies, in contrast to NYCRR 60–1.1, explicitly define "use or operation" of a vehicle as including the loading or unloading of such vehicle, *see* 11 NYCRR 65.12[e], the *Walton* Court noted,

> [t]he mere fortuity that plaintiff's injury occurred while he was engaged in unloading the truck does not support a claim for no-fault benefits because the vehicle itself was not a cause of the damage. The vehicle must be a proximate cause of the injury before the absolute liability imposed by the statute arises. Any other rule would permit recovery for claims based on back strains, slip-and-fall injuries, and other similar injuries occurring while the vehicle is being used but which are wholly unrelated to its use.

*Walton,* 88 N.Y.2d at 215, 644 N.Y.S.2d 133, 666 N.E.2d 1046. The district court inferred from the *Walton* decision that, even if loading and unloading constituted use or operation within the meaning of Section 388(1), Argentina was not entitled to recovery because he had conceded that the truck was not the instrumentality of his injury.

We are unable to decide this case without reaching these two issues. Because these are important issues of New York law that may be dispositive of many future cases, we believe that they are appropriately decided in the first instance by the New York Court of Appeals. We express no opinion at this time as to whether Argentina's "concession" that the truck was not the proximate cause of his injuries, before he was aware that the *Wal-*

---

1. Appellants rely on *Continental Ins. Co. v. Transport Ins. Co.,* 52 A.D.2d 210, 383 N.Y.S.2d 754 (4th Dep't 1976); *Guadagno v. H.S. Trucking,* 29 A.D.2d 979, 289 N.Y.S.2d 691 (2d Dep't 1968); *Cosmopolitan Mut. Ins. Co. v. Baltimore and Ohio R.R.,* 18 A.D.2d 460, 240 N.Y.S.2d 88 (1st Dep't 1963); *D'Aquilla Bros. Contracting Co. v. Hartford Accident and Indem. Co.,* 15 A.D.2d 509, 222 N.Y.S.2d 409 (2d Dep't 1961); *Albarran v. City of New York,* 56 A.D.2d 822, 393 N.Y.S.2d 37 (1st Dep't 1977); and *Stole v. United States Steel Corp.,* 34 Misc.2d 103, 227 N.Y.S.2d 595 (Sup.Ct. 1962).

2. 11 NYCRR 60–1.1 was amended in 1965 to provide that a policy need not cover "any person or organization other than the named insured or

[his or her] spouse . . . with respect to bodily injury, sickness, disease or death, or injury to or destruction of property arising out of the *loading or unloading* of the motor vehicle." 11 NYCRR 60–1.1(c)(3)(iii)(emphasis added). Accordingly, although a vehicle owner is liable for injuries resulting from a permissive user's "actual operation of the vehicle," *id.* at 60–1.1(c)(2), subpart (c)(iii) suggests that the owner is *not* liable if the same permissive user is engaged in loading or unloading at the time of the injury.

3. *Continental Ins.; Cosmopolitan Mut. Ins. Co.; D'Aquilla Bros. Contracting Co.;* and *Stole* all concern the construction of insurance policy provisions.

*ton* test would be applied, forever precludes him from changing his position on that issue.

Based on the foregoing, we turn to the New York Court of Appeals for guidance and certify the following questions:

Whether, under New York's Vehicle and Traffic Law Section 388(1), loading and unloading constitute "use or operation" of a vehicle.

Whether, under New York's Vehicle and Traffic Law Section 388(1), the vehicle must be the proximate cause of the injury before the vehicle's owner may be held vicariously liable.

We think these issues are appropriate for resolution by the New York Court of Appeals because of the lack of authoritative guidance in an area of significant importance for New York law. A determination of these issues by the Court of Appeals will provide this and other courts with a clear standard to apply in actions under Section 388(1) of the Vehicle and Traffic Law.

The foregoing is hereby certified to the Court of Appeals of the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 18th day of November, 1998.

FOR THE COURT:

/s/ LUCILLE CARR

Carolyn Clark Campbell, Clerk

by: Lucille Carr, Deputy Clerk